CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/13/2023

LAURA A. AUSTIN, CLERK
BY:   s/ ARLENE LITTLE
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| **CALVIN WESLEY** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CITY OF LYNCHBURG** | ) | **CASE NO.:** 6:23CV00012 |
| | ) | |
| **and** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **LPD OFFICER SETH REED** | ) | |
| *in his individual capacity* | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LPD OFFICER AUSTIN ROWLAND,** | ) | |
| *in his individual capacity* | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LPD OFFICER COLLIN BRYANT,** | ) | |
| *in his individual capacity* | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LPD OFFICERS JOHN DOES 1-10** | ) | |
| *in their individual capacities,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Calvin Wesley, and brings this civil rights action to recover damages arising from the injuries he sustained when his Fourth Amendment rights were violated during his apprehension and arrest by officers of the Lynchburg Police Department on or about March 11, 2021 and again on or about December 20, 2021. Plaintiff asserts federal claims

pursuant to 42 U.S.C. § 1983 for excessive force as well as common law civil claims for (i) assault, (ii) battery, (iii) intentional infliction of emotional distress and (iv) gross negligence and (v) willful, wanton and reckless negligence.

## JURISDICTION AND VENUE

1.      This action arises under federal law and the Fourth Amendment to the United States Constitution.

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1983 and 1985.

3.      This Court has supplemental jurisdiction over the state claims asserted in this action pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. §1391(b), because (i) each of the named defendants is a resident of the Western District of Virginia pursuant to 28 U.S.C. § 1391(c)(2), and (ii) pursuant to 28 U.S.C. § 1391(b)(2) all of the events or omissions giving rise to the claims occurred in the City of Lynchburg in the Western District of Virginia.

## PARTIES

5.      Plaintiff Calvin Wesley ("WESLEY")  is a resident of the City of Lynchburg.

6.      Defendant CITY OF LYNCHBURG is a city incorporated pursuant to the laws of the Commonwealth of Virginia. The City of Lynchburg operates the Lynchburg Police Department ("LPD").

7.      Defendant Officer Seth Reed ("REED") is a police officer employed by the Lynchburg Police Department.

8.      Defendant Officer Austin Rowland ("ROWLAND") is a police officer employed by the Lynchburg Police Department.

9.      Defendant Officer Collin Bryant ("BRYANT") is a police officer employed by the Lynchburg Police Department.

10.     Defendant Officer John Does 1-10 ("JOHN DOES 1-10")  are police officers employed by the Lynchburg Police Department whose names are currently unknown to the Plaintiff.

## FACTS

### I. Misdemeanor Arrest on March 11, 2021

11.     On the afternoon of March 11, 2021, WESLEY was riding in the passenger seat of his landlord's pickup truck on Grace Street in the City of Lynchburg when REED and JOHN DOES 1-10 drove by and recognized him.

12.     REED and an unknown Officer, who is one of JOHN DOES 1-10, stopped, exited the police cruiser, ran up to the WESLEY'S side of the vehicle on foot, and asked WESLEY to step out of the vehicle to which he obliged.

13.     REED was accompanied by a police dog known as "Knox."  REED was Knox's handler.

14.     WESLEY was unarmed and cooperative with the officers' orders.

15.     WESLEY questioned the officers about why he was being arrested, to which REED responded "I don't gotta tell you shit." When WESLEY continued to question why he was being arrested, REED accused the Plaintiff of resisting arrest and threatened to release Knox on WESLEY.

16.     Within minutes, more officers, JOHN DOES 1-10, arrived on scene to provide backup assistance in arresting the Plaintiff.

17.     Acting jointly and in concert, REED and JOHN DOES 1-10 cornered WESLEY into the hinge joint of the open truck door with no path of egress.

18.     WESLEY questioned the officers again about why he was being arrested, at which time, REED ordered the other officers to stand clear and then released Knox on WESLEY.

19.     Knox lunged forward at WESLEY and bit into his upper right thigh and buttocks, causing puncture wounds, deep lacerations, and excruciating pain.

20.     One of JOHN DOES 1-10 held WESLEY in a choke hold through the hinge joint of the open truck door as Knox bit WESLEY again in the same location, causing extreme pain and anguish, before the other JOHN DOES 1-10 slammed WESLEY to the ground and handcuffed him.

21.     After WESLEY was in handcuffs, REED gave another order to police dog Knox in a foreign language and police dog Knox bit WESLEY again in the same location.

22.     REED then ordered Knox to release WESLEY.

23.     The LPD use of force policy that was applicable at the time clearly stated that use of canine can be an application of deadly force.

24.     The LPD use of force policy that was applicable at the time clearly stated that the use of a canine was prohibited when no physical threat or violence appeared imminent.

25.     There was no need to use any force against WESLEY at any time, but especially after he had been handcuffed.

26.     The use of the police dog against WESLEY was objectively unreasonable.

27.     At the time when the police dog was deployed against WESLEY, no crime was ongoing and no severe crime had been committed.  Instead, WESLEY was merely the subject of an outstanding misdemeanor warrant.

28.     At the time when the police dog was deployed against WESLEY, no physical threat or violence existed as WESLEY was unarmed and was surrounded by armed police officers who had him physically restrained until he was handcuffed.

29.     At the time when the police dog was deployed against WESLEY, he was not fleeing nor was he actively resisting arrest, other than by demanding to know why he was being arrested.

30.     The use of the police dog against WESLEY was deliberate, sadistic, malicious and cruel.

31.     REED deployed the police dog against WESLEY in retaliation for past incidents involving WESLEY.

32.     Each of the officers present, including REED and JOHN DOES 1-10 had a duty to avoid and prevent the use of excessive force against WESLEY.

33.     Neither REED nor any of the JOHN DOES 1-10 present at the scene acted to prevent the use of excessive force against WESLEY while REED set the police dog upon WESLEY.

34.     WESLEY was arrested for an outstanding misdemeanor warrant[1], taken to Lynchburg General Hospital for treatment of his wounds, and then transported directly to jail.

35.     In addition to arresting WESLEY for the outstanding misdemeanor warrant, REED also charged WESLEY with one count of felony Assault and Battery on a Law Enforcement Officer,

---

[1] The misdemeanor warrant which began in Lynchburg Juvenile and Domestic Relations District Court (Case # JA014737-18-00), was appealed to Lynchburg Circuit Court (Case # CR21000435-00), where it was subsequently Nolle Prossed.

one count of misdemeanor Fleeing from Law Enforcement, and one count of misdemeanor

Obstruction of Justice as a result of the arrest encounter.[2]

36.     WESLEY suffered damages as result of being bitten on March 11, 2021, including severe

pain, severe emotional distress, permanent scarring, permanent nerve damage, humiliation and

fear.

37.     The excessive force used by REED and JOHN DOES 1-10, acting jointly and in concert,

was a direct and proximate cause of WESLEY's damages.

38.     At all times on March 11, 2021 pertinent to this Complaint, REED and JOHN DOES 1-

10 were acting under color of state law.

**II. Excessive Force on December 20, 2021**

39.     At approximately 9:00 p.m. on December 20, 2021, WESLEY and his wife had an

argument at his wife's apartment in the City of Lynchburg.

40.     At approximately 9:20 p.m., REED, BRYANT and ROWLAND were dispatched to the

area based on a reported domestic disturbance.

41.     WESLEY was not present when the police arrived at his wife's apartment, but saw the

police arriving and left the area to avoid them.

42.     There were no outstanding warrants against WESLEY when the police arrived at the

scene.

43.     However, the officers discovered that a purported protective order existed that prevented

contact between WESLEY and his wife.

44.     REED, BRYANT and ROWLAND began to look for WESLEY.

---

[2]  These subsequent charges remain pending adjudication in the Lynchburg Circuit Court (Case #s CR21000366-00, CR21000366-01, and CR21000366-02)

45.     WESLEY was unarmed and made his way through the woods behind the Anthony Place apartment complex in Lynchburg and toward the Kwik Stop convenience store on Old Forest Road in an effort to avoid the police.

46.     REED brought the police dog Knox with him to the scene specifically in anticipation of deploying Knox against WESLEY.

47.     REED began to pursue WESLEY through the wooded area.

48.     REED reached a point approximately 100 yards from WESLEY's position in the woods. REED was accompanied by police dog Knox who was leashed at the time.

49.     REED could not identify WESLEY in the dark and through the trees and bushes.

50.     REED called out to WESLEY to identify himself and falsely claimed to hold a warrant for WESLEY's arrest, but WESLEY refused to respond or to identify himself and kept walking toward the Kwik Stop store.

51.     REED announced that he would let the police dog loose.

52.     REED released Knox from the leash and onto WESLEY just as WESLEY left the wooded area and stepped onto Westbrook Circle.  REED was still dozens of yards from WESLEY and could not possibly identify the subject as WESLEY.

53.     At the time REED released Knox on December 20, 2021, there were no outstanding warrants against WESLEY.

54.     At the time REED released Knox on December 20, 2021, WESLEY was unarmed and there had been no report made to anyone that WESLEY was armed.

55.     At the time REED released Knox on December 20, 2021, there had been no report that WESLEY had been violent or that he had hurt anyone.

56.     At the time REED released Knox on December 20, 2021, there was no crime afoot and no evidence that any severe crime had occurred.  At most, the police had probable cause, based only on hearsay, to arrest WESLEY for a suspected misdemeanor protective order violation.

57.     At the time REED released Knox on December 20, 2021, WESLEY posed no physical threat to anyone and he was not acting violently.

58.     Knox lunged at WESLEY, bit and held onto his right forearm causing puncture wounds and deep lacerations into the muscles of WESLEY's arm and wrist, and causing WESLEY excruciating pain and anguish.

59.     REED, acting sadistically and maliciously, allowed Knox to continue to bite WESLEY for several minutes when there was no legitimate reason to do so.

60.     REED sicced the police dog on WESLEY in retaliation and to to seek revenge for past incidents he had experienced involving WESLEY.

61.     REED and other officers, standing more than a dozen yards from WESLEY as his arm was being torn apart by the police dog, had a conversation about whether they had used force on the wrong person; questioning among themselves whether Knox was biting WESLEY or, instead, if Knox was biting WESLEY's twin brother.

62.     Thus, at the time REED released Knox and even while Knox was biting WESLEY, REED suspected, but was not sure, that the person being bitten was actually WESLEY.

63.     WESLEY, writhing in pain as Knox bit deeply into his forearm, attempted vainly to bat Knox away from him with his free hand for several minutes while REED, ROWLAND, BRYANT and several other officers, including some unknown JOHN DOES 1-10 conversed at a distance.

64.     After an unreasonable delay, REED finally ordered Knox to release WESLEY, but then arrested WESLEY for misdemeanor Fleeing from Law Enforcement and for feloniously Attempting to Maim or Kill a Law Enforcement Animal[3].  BRYANT took out a misdemeanor warrant against WESLEY for Violation of a Protective Order.

65.     REED, BRYANT, ROWLAND and JOHN DOES 1-10 each had the duty to avoid, and also the duty to prevent, the use of excessive force against WESLEY.

66.     REED, BRANT, ROWLAND and JOHN DOES 1-10 were aware of the unlawful use of excessive force against WESLEY, but did nothing to prevent it.

67.     Neither REED, BRYANT, ROWLAND nor JOHN DOES 1-10 gave even slight care to avoid injuring WESLEY by use of the police dog against him.

68.     At all times on December 20, 2021 pertinent to this Complaint, REED, BRYANT, ROWLAND and JOHN DOES 1-10 were acting under color of state law.

69.     WESLEY was transported to Lynchburg General Hospital for treatment of his wounds, where he required debridement of the right forearm, received twenty-seven stitches and was admitted for two days.

70.     REED and BRYANT each later falsified police reports to state that WESLEY had an outstanding warrant for his arrest before they arrived at the scene.

71.     WESLEY suffered damages as result of being bitten by the police dog on December 20, 2021, including severe pain, severe emotional distress, permanent nerve damage, permanent scarring, humiliation and fear.

---

[3] The felony charge was amended to a misdemeanor as part of a plea bargain and WESLEY plead guilty to two misdemeanors.

72.     The use of excessive force against WESLEY on December 20, 2021 by REED, BRYANT, ROWLAND and JOHN DOES 1-10 was a direct and proximate cause of WESLEY's damages.

**III.  LPD Policies, Customs and Practices**

73.     The Lynchburg Police Department maintains facially constitutional policies, but these policies are routinely ignored in custom and in practice.

74.     In fact, upon information and belief, the use of force against WESLEY was not documented, processed or investigated according to LPD policy.

75.     Indeed, LPD utterly ignored the Lynchburg Public Defender's discovery request for these Use of Force reports in WESLEY's criminal prosecution.

76.     The following specific examples demonstrate the LPD's unconstitutional customs or practices.

   a.   Upon information and belief on March 29, 2001, Craig Morris was sprayed with pepper spray and then struck several times by officers of the Lynchburg Police Department. The officers were allegedly putting Mr. Morris under arrest for using the term "f_ck", and Mr. Morris did not resist arrest or use any force against the officers, but nevertheless was beaten by said officers of the Lynchburg Police Department;

   b.   Upon information and belief on October 18, 2013, Montavious Wells and Tramane Green were injured by officers of the Lynchburg Police Department when they were tasered and beaten by officers for allegedly getting smart when asked to identify what high school they went to. Neither Mr. Wells nor Mr. Green threatened the officers, threatened to flee from the officers, or posed a danger to any officers or the public;

c.   ief on January 23, 2016, George Brown was injured when officers of the Lynchburg
Police Department ordered the police K9 to attack Mr. Brown, while Mr. Brown was
not resisting arrest or presenting any threat to the officers;On February 4, 2016, officers
of the LPD stopped and tackled Tershaud Rose, who had committed no crime, drove
his head into the pavement and held him down while a hospital security guard scarred
his back with a taser, before manufacturing false charges against Rose as a cover-up;

d.   Upon information and belief on February 11, 2016, Brandon Sandifer was injured when
officers of the Lynchburg Police Department broke his leg during an arrest at his home
for  trespassing;

e.   Upon information and belief on November 28, 2016, Donald Lipford was injured when
officers of the Lynchburg Police Department struck him several times and ordered the
police K9 to attack Mr. Lipford, while he was not resisting arrest or presenting any
threat to the officers;

f.   Upon information and belief on November 5, 2017, Pamela Webber was shot and killed
by officers of the Lynchburg Police Department, when they were called to her
residence on allegations that she was suicidal and had a knife. After barricading herself
in her room, Ms. Webber was convinced to come out by officers of the Lynchburg
Police Department, and they shot her alleging that she "advanced" with the knife on the
officer;

g.   Upon information and belief on February 17, 2018, Walker Sigler was shot by officers
of the Lynchburg Police Department, while he was in his home, committing no crime,

not presenting a threat to the officers, was unarmed, and not attempting to flee the

officers;

h.   On July 18, 2018, LPD officers used a police canine against Larry Booker  without

justification, thereby causing him injuries.

i.   Upon information and belief on December 12, 2018, Michelle Jefferson was injured by

officers of the Lynchburg Police Department while they were serving a warrant on her

at her home. She was grabbed and assaulted by the officers and charged with assault on

law enforcement.

j.   Upon information and belief on December 30, 2018, Malik Andrews was shot by

officers of the Lynchburg Police Department after officers saw him with a rifle on his

shoulder;

k.   Upon information and belief on March 30, 2019, Thyanna Trent was assaulted and

injured by officers of the Lynchburg Police Department, while allegedly trespassing

while walking toward the exit at the River Ridge Mall in Lynchburg;

l.   Upon information and belief on June 16, 2019, Brian Anderson was injured by officers

of the Lynchburg Police Department for allegedly obstructing justice. Mr. Anderson

was pulled out of his truck and thrown to the ground, had officers hold him down by

their knees, while other officers yanked his arms, causing injury to his shoulders;

m.   Upon information and belief on July 3, 2019, Mario Jackson was injured by officers of

the Lynchburg Police Department after he was stopped for an alleged "window tint

violation." After having Mr. Jackson exit his vehicle the officers grabbed him and

slammed him against the car, threw him to the ground, then beat him while he begged the officers to stop;

n.   Upon information and belief on March 7, 2020, Aniyah Hicks was injured by officers of the Lynchburg Police Department, requiring her to receive seven stitches to close a gash above her eye, when she was assaulted, thrown to the ground, then had her face mashed to the ground by Officer Godsie, while she was presenting no danger to any officer or the public, was not attempting to flee, and was breaking no law, other than being present at a fight

77.   According to a September 1, 2019, article by Richard Chumney of the Lynchburg News and Advance, in 2016 police in Virginia failed to properly report 60% of officer involved shootings, 30% in 2017, and 19% in 2018, including the shooting of Walter Sigler.

78.   It is obvious that LPD has failed to properly train its officers in the use of force because of the multitude of instances in which officers have used force in violation of policy.

79.    It is clear that an obvious lack of training has caused LPD officers to believe that a police dog can be used to secure an unarmed fleeing suspect, including a suspect wanted only on a misdemeanor warrant, and who poses no imminent threat, and in contradiction to LPD policy, which clearly states  that a police dog  can constitute deadly force and that a police dog cannot be used in this manner.

80.   Upon information and belief, the uses of force against WESLEY by REED, BRYANT, ROWLAND and JOHN DOES 1-10 on March 11, 2021 and December 20, 2021 were reported and investigated by LPD, but none of the officers were disciplined or counseled.  Thus, the City of Lynchburg has ratified the unconstitutional customs and practices of its officers.

**COUNT ONE**

**VIOLATION OF CIVIL RIGHTS: EXCESSIVE FORCE BY OFFICERS REED AND JOHN DOES 1-10 IN EMPLOYING HIS K-9 UNIT WHILE APPREHENDING PLAINTIFF FOR A MISDEMEANOR WARRANT ON MARCH 11, 2021**

**(42 U.S.C. § 1983 - 4th and 14th Amendments)**

81.     All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

82.     At all times relevant, Plaintiff was a citizen of the United States and of the Commonwealth of Virginia, and had a clearly established right under the Fourth and Fourteenth Amendments of the U.S. Constitution, to be free from the use of excessive force against him.

83.     Defendant City of Lynchburg is responsible for the conduct of its police officers acting in the course and scope of their employment.

84.     All of the Defendant officers were acting in the course and scope of their employment when they apprehended and arrested the Plaintiff with engagement of a K-9 unit on March 11, 2021.

85.     REED, while acting under color of state law, conducted an unreasonable seizure of WESLEY by employing excessive force to physically restrain Plaintiff in violation of his clearly established Fourth and Fourteenth Amendment rights by allowing his K-9 unit to attack, bite, and maul WESLEY's upper thigh and buttocks multiple times during the same arrest, even though WESLEY was unarmed, was not resisting arrest, was not fleeing law enforcement, and did not otherwise pose a danger to himself or others. WESLEY was wanted only for a misdemeanor warrant.  REED's actions to allow and order his K-9 unit to continue to attack WESLEY repeatedly during his arrest for a misdemeanor crime was excessive and had no conceivable justification or purpose.

14 of 42

86.     REED had no reason to believe that WESLEY posed any threat to anyone.

87.     Any reasonable officer in the same situation should have recognized that the manner in which WESLEY was apprehended for a misdemeanor warrant, one that was not even disclosed to WESLEY at the time of his arrest, was excessive and a violation of WESLEY's Constitutional rights.

88.     No extraordinary situation existed at the time of WESLEY's apprehension on March 11, 2021 that justified the severe and extraordinary force that was used against him by REED and JOHN DOES 1-10. The use of force utilized by REED and JOHN DOES 1-10 in arresting WESLEY was disproportional and unreasonable.

89.     As a direct and proximate result of REED's actions in ordering his K-9 unit to attack WESLEY multiple times during the same arrest, WESLEY suffered significant physical, mental, and emotional harm.

## COUNT TWO

### VIOLATION OF CIVIL RIGHTS: BYSTANDER LIABILITY OF OFFICER JOHN DOES 1-10 FOR FAILING TO INTERVENE ON MARCH 11, 2021

### (42 U.S.C. § 1983 - 4th and 14th Amendments)

90.     All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

91.     All police officers in the United States of America have the constitutional duty to intervene to prevent or stop the use of excessive force by fellow officers. In Virginia, this duty is codified at § 19.2-83.6 of the Code of Virginia (1950), as amended, and requires law enforcement officers to not only intervene to prevent excessive force when it occurs, but also

requires that they render aid and report the incident in accordance with their employer's internal policies.

92.     While REED was setting a police dog upon WESLEY on March 11, 2021, each of the defendants JOHN DOES 1-10 knew that their fellow officer REED was violating WESLEY's constitutional right to be free from excessive force.

93.     Each of the defendants JOHN DOES 1-10 had a reasonable opportunity to prevent harm to WESLEY by preventing the police dog from biting WESLEY on March 11, 2021 simply by requesting or demanding that REED cease the application of excessive force by means of the police dog.

94.     Each of the defendants JOHN DOES 1-10 deliberately chose not to act to prevent harm to WESLEY caused by the unconstitutional use of excessive force on March 11, 2021 by means of the police dog and chose not to render aid to WESLEY after he suffered severe injuries from the excessive force.

95.     Each of the defendants JOHN DOES 1-10 acted with actual malice against WESLEY by failing to intervene to prevent REED's use of excessive force by means of a police dog on March 11, 2021.

96.     Each of the defendants JOHN DOES 1-10 acted with deliberate indifference to WESLEY's constitutional rights when they failed to intervene to prevent REED's use of excessive force by means of a police dog on March 11, 2021.

97.     As a direct and proximate result of the failure of defendants JOHN DOES 1-10 to act in accord with their duty to intervene to prevent or stop REED's unconstitutional use of excessive

force against WESLEY by means of a police dog, WESLEY suffered significant physical, mental, and emotional harm.

98.     WESLEY is entitled to recover from each of defendants JOHN DOES 1-10 (a) reasonable and appropriate compensatory damages, (b) punitive damages, (c) costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper for their failure to intervene to prevent REED's use of excessive force by means of a police dog on March 11, 2021.

## COUNT THREE

### VIOLATION OF CIVIL RIGHTS: EXCESSIVE FORCE BY OFFICER REED,  IN EMPLOYING THE K-9 UNIT WHILE APPREHENDING PLAINTIFF ON DECEMBER 20, 2021

### (42 U.S.C. § 1983 - 4th and 14th Amendments)
`
99.     All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

100.    At all times relevant, WESLEY was a citizen of the United States and of the Commonwealth of Virginia, and had a clearly established right under the Fourth and Fourteenth Amendments, to be free from the use of excessive force against him.

101.    Defendant CITY OF LYNCHBURG is responsible for the conduct of its police officers acting in the course and scope of their employment.

102.    All of the Defendant officers were acting in the course and scope of their employment when they apprehended and arrested WESLEY with assistance of a K-9 unit on December 20, 2021.

103.    Defendant REED, while acting under color of state law, conducted an unreasonable seizure of WESLEY by employing excessive force to physically restrain WESLEY in violation of his clearly established Fourth and Fourteenth Amendment rights by allowing the police dog to attack, bite, and maul WESLEY's right forearm, even though WESLEY was unarmed, was not resisting arrest and did not otherwise pose a danger to himself or others.

104.    REED's actions to allow and order the police dog to continue to bite and hold WESLEY's forearm for several minutes during his arrest for a crime  WESLEY did not commit was excessive and had no conceivable justification or purpose.

105.    REED had no reason to believe that WESLEY posed any threat and had not positively identified WESLEY prior to unjustifiably siccing the police dog on him.

106.    Any reasonable officer in the same situation should have recognized that the use of severe force against a person who had not committed any crime, was excessive and a violation of WESLEY's Constitutional rights.

107.    No extraordinary situation existed at the time of WESLEY's apprehension on December 20, 2021 that justified the severe and extraordinary force that was used against him by REED.

108.     As a direct and proximate result of REED's actions in ordering his K-9 unit to attack WESLEY multiple times during the same arrest, WESLEY suffered significant physical, mental, and emotional harm.

109.    WESLEY is entitled to recover (a) reasonable and appropriate compensatory damages, (b) punitive damages, (c) costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper.

### **COUNT FOUR**

**VIOLATION OF CIVIL RIGHTS: BYSTANDER LIABILITY OF OFFICER JOHN
DOES 1-10 FOR FAILING TO INTERVENE ON DECEMBER 20, 2021**

**(42 U.S.C. § 1983 - 4th and 14th Amendments)**

**(ROWLAND, BRYANT and JOHN DOES 1-10)**

110.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

111.    All police officers in the United States of America have the constitutional duty to intervene to prevent or stop to the use of excessive force by fellow officers.

112.    While REED was setting a police dog upon WESLEY on December 20, 2021, each of the defendants ROWLAND, BRYANT and JOHN DOES 1-10 knew that their fellow officer REED was violating WESLEY's constitutional right to be free from excessive force.

113.    Each of the defendants ROWLAND, BRYANT and JOHN DOES 1-10 had a reasonable opportunity to prevent harm to WESLEY by preventing the police dog from biting WESLEY on December 20, 2021 simply by requesting or demanding that REED cease the application of excessive force by means of the police dog.

114.    Each of the defendants ROWLAND, BRYANT and JOHN DOES 1-10  deliberately chose not to act to prevent the harm caused to WESLEY from  the unconstitutional use of excessive force on December 20, 2021 by means of the police dog.

115.    Each of the defendants ROWLAND, BRYANT and JOHN DOES 1-10  acted with actual malice against WESLEY by failing to intervene to prevent REED's use of excessive force by means of a police dog on December 20, 2021.

116.   Each of the defendants ROWLAND, BRYANT and JOHN DOES 1-10  acted with deliberate indifference to WESLEY's constitutional rights when they failed to intervene to prevent REED's use of excessive force by means of a police dog on December 20, 2021.

117.   As a direct and proximate result of the failure of defendants ROWLAND, BRYANT and JOHN DOES 1-10 to act in accord with their duty to intervene to prevent or stop REED's unconstitutional use of excessive force against WESLEY by means of a police dog, WESLEY suffered significant physical, mental, and emotional harm.

118.   WESLEY is entitled to recover from each of defendants ROWLAND, BRYANT and JOHN DOES 1-10 (a) reasonable and appropriate compensatory damages, (b) punitive damages, (c) costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper for their failure to intervene to prevent REED's use of excessive force by means of a police dog on December 20, 2021.

## COUNT FIVE

### VIOLATION OF CIVIL RIGHTS: CONSPIRACY TO VIOLATE CIVIL RIGHTS BY REED AND JOHN DOES 1-10 ON MARCH 11, 2021

### (42 U.S.C. § 1985 - 4th and 14th Amendments)

### (REED and JOHN DOES 1-10)

119.   All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

120.   REED and JOHN DOES 1-10 acted jointly and in concert to violate WESLEY's 's civil rights on March 11, 2021.

121.    REED and JOHN DOES 1-10 took an overt act in furtherance of the conspiracy, namely, agreeing to marshal and pin WESLEY to a car and then to stand aside while a police dog attacked him and all the defendants agreed to act together to violate WESLEY's civil rights.

122.    REED and JOHN DOES 1-10  either participated in the use of excessive force, or witnessed the excessive force but failed to intervene, or acquiesced in the actions taken or covered up their misconduct.

123.    The acts and omissions of the REED and JOHN DOES 1-10 proximately caused WESLEY's suffering, pain and injuries.

124.    REED and JOHN DOES 1-10 knowingly participated in a conspiracy to violate WESLEY's civil rights, thus subjecting him to pain, physical and mental injury in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S. Code § 1985.

125.    WESLEY suffered damages as described above a result of the conspiracy by REED and JOHN DOES 1-10 to violate his civil rights.

126.    WESLEY is entitled to recover from each of defendants REED and JOHN DOES 1-10 (a) reasonable and appropriate compensatory damages, (b) punitive damages, (c) costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper, for their conspiracy to deprive WESLEY of his civil rights on March 11, 2021.

## COUNT SIX

### VIOLATION OF CIVIL RIGHTS: CONSPIRACY TO VIOLATE CIVIL RIGHTS BY REED AND JOHN DOES 1-10 ON DECEMBER 20, 2021

### (42 U.S.C. § 1985 - 4th and 14th Amendments)

21 of 42

**(REED, ROWLAND, BRYANT and JOHN DOES 1-10)**

127.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

128.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 acted jointly and in concert to violate WESLEY's civil rights on December 20, 2021.

129.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 took an overt act in furtherance of the conspiracy, namely, agreeing to marshal to stand aside and watch on December 20, 2012, while a police dog attacked WESLEY and while all the defendants agreed to act together to violate WESLEY's civil rights.

130.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 either participated in the use of excessive force, or witnessed the excessive force but failed to intervene, or acquiesced in the actions taken or covered up their misconduct.

131.    The acts and omissions of  REED, ROWLAND, BRYANT and JOHN DOES 1-10 proximately caused WESLEY's suffering, pain and injuries.

132.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 knowingly participated in a conspiracy to violate WESLEY's civil rights, thus subjecting him to pain, physical and mental injury in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S. Code § 1985.

133.    WESLEY suffered damages as described above a result of the conspiracy by REED, ROWLAND, BRYANT and JOHN DOES 1-10 to violate his civil rights on December 20, 2021.

134.    WESLEY is entitled to recover from each of defendants REED, ROWLAND, BRYANT and JOHN DOES 1-10 (a) reasonable and appropriate compensatory damages, (b) punitive

damages, (c) costs, expenses and reasonable attorney's fees, and (d) such other and further relief

as this Court deems necessary and proper for their conspiracy to deprive WESLEY of his civil

rights on December 20, 2021

**COUNT SEVEN**

**MUNICIPAL LIABILITY OF THE CITY OF LYNCHBURG – UNCONSTITUTIONAL
CUSTOM OR PRACTICE -  MARCH 11, 2021 EXCESSIVE FORCE**

**(42 U.S.C. § 1983 - 4th and 14thAmendments)**

135.    All previous paragraphs of this Complaint are incorporated herein by reference and are

re-alleged as if restated.

136.    The LPD maintains a facially constitutional policy that limits to use of police canines to

cases in which a physical threat or violence is imminent.

137.    However, by pattern of conduct as described above, LPD officers routinely engage in

unconstitutional customs and practices regarding excessive use of force in general, and excessive

and unreasonable use of force by police dogs in particular.

138.    LPD officers routinely fail to follow their facially constitutional policies by engaging in

the unconstitutional custom of using excessive force.

139.    The CITY OF LYNCHBURG has been put directly on notice of the existence and extent

of the unconstitutional custom of using excessive force through lawsuits, complaints, press

coverage and investigations, but has done nothing to end the custom.

140.    The CITY OF LYNCHBURG has acted with deliberate indifference to the constitutional

rights of its residents and citizens to be free from unreasonable use of force by LPD officers and

police dogs in violation of the Fourth and Fourteenth Amendments to the United States

Constitution.

141.    The CITY OF LYNCHBURG permits its police officers to engage in the unconstitutional custom of deploying police dogs to pursue and apprehend subjects who pose no imminent threat of harm.

142.    The unconstitutional custom of deploying police dogs to pursue and apprehend subjects who pose no imminent threat of harm was a moving force behind the injuries WESLEY suffered after being savagely bitten by the police dog Knox on March 11, 2021.

143.    As a result of the use of police dog Knox on March 11, 2021 according to the unconstitutional custom of deploying police dogs to pursue and apprehend subjects who pose no imminent threat of harm, WESLEY suffered injuries and incurred  damages as previously described.

144.    WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG for the damages he sustained on March 11, 2021 by LPD officers acting in accordance with the unconstitutional custom of allowing police dogs to attack and bite subjects who do not pose an imminent threat of harm.

## **COUNT EIGHT**

### **MUNICIPAL LIABILITY OF CITY OF LYNCHBURG – UNCONSTITUTIONAL CUSTOM OR PRACTICE -  DECEMBER 20, 2021 EXCESSIVE FORCE**

### **(42 U.S.C. § 1983 - 4th and 14th Amendments)**

145.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

146.    The LPD maintains a facially constitutional policy that limits to use of police canines to cases in which a physical threat or violence is imminent.

147.     However, by pattern of conduct as described above, LPD officers routinely engage in unconstitutional customs and practices regarding excessive use of force in general, and excessive and unreasonable use of force by police dogs in particular.

148.     LPD officers routinely fail to follow their facially constitutional policies by engaging in the unconstitutional custom of using excessive force.

149.     The CITY OF LYNCHBURG has been put directly on notice of the existence and extent of the unconstitutional custom of using excessive force through lawsuits, complaints, press coverage and investigations, but has done nothing to end the custom.

150.     The CITY OF LYNCHBURG has acted with deliberate indifference to the constitutional rights of its residents and citizens to be free from unreasonable use of force by LPD officers and police dogs in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

151.     The CITY OF LYNCHBURG permits its police officers to engage the unconstitutional custom of deploying police dogs to pursue and apprehend subjects who pose no imminent threat of harm.

152.     The unconstitutional custom of deploying police dogs to pursue and apprehend subjects who pose no imminent threat of harm was a moving force behind the injuries WESLEY suffered after being savagely bitten by the police dog Knox on December 20, 2021.

153.     As a result of the use of police dog Knox on December 20, 2021 according to the unconstitutional custom of deploying police dogs to pursue and apprehend subjects who pose no imminent threat of harm, WESLEY suffered  injuries and incurred  damages as previously described.

154.    WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG for the damages he sustained on December 20, 2021 by LPD officers acting in accordance with the unconstitutional custom of allowing police dogs to attack and bite subjects who do not pose an imminent threat of harm.

## **COUNT NINE**

### **MUNICIPAL LIABILITY OF CITY OF LYNCHBURG – FAILURE TO TRAIN  - MARCH 11, 2021 USE OF EXCESSIVE FORCE**

### **(42 U.S.C. § 1983 - 4th and 14th Amendments)**

155.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

156.    The use of a police canine can amount to the application of deadly force.

157.    The need to train police officers in the constitutional limits of handling and deploying police canines in the pursuit and apprehension of subjects is obvious.

158.    The LPD maintains a facially constitutional policy that limits to use of police canines to cases in which a physical threat or violence is imminent.

159.    However, as evidenced by the facts alleged previously and by the conduct in the instant case, the LPD officers are not adequately trained to comply with their own facially constitutional use of force policy.

160.    The lack of training of LPD officers in the constitutional limits of the use of force was a moving force behind the injuries WESLEY suffered when he was viciously bitten by a police dog on March 11, 2021.

161.    As a result of the unconstitutional use of police dog Knox on March 11, 2021 due to the deliberately indifferent failure to train LPD officers in the constitutional limits of the use of police dogs in the pursuit and apprehension of subjects who do not pose an imminent threat of harm, WESLEY suffered injuries and incurred damages as previously described.

162.    WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG due to the injuries he suffered on March 11, 2021 as result of the deliberately indifferent failure of the LPD to train its police officers in the constitutional limits of use of force.

**COUNT TEN**

**MUNICIPAL LIABILITY OF CITY OF LYNCHBURG – FAILURE TO TRAIN   - DECEMBER 20, 2021 USE OF EXCESSIVE FORCE**

**(42 U.S.C. § 1983 - 4th and 14th Amendments)**

163.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

164.    The use of a police canine can amount to the application of deadly force.

165.    The need to train police officers in the constitutional limits of handling and deploying police canines in the pursuit and apprehension of subjects is obvious.

166.    The LPD maintains a facially constitutional policy that limits to use of police canines to cases in which a physical threat or violence is imminent.

167.    However, as evidenced by the facts alleged previously and by the conduct in the instant case, the LPD officers are not adequately trained to comply with their own facially constitutional use of force policy.

168.     The lack of training of LPD officers in the constitutional limits of the use of force was a moving force behind the injuries WESLEY suffered when he was viciously bitten by a police dog on December 20, 2021.

169.     As a result of the unconstitutional use of police dog Knox on December 20, 2021 due to the deliberately indifferent failure to train LPD officers in the constitutional limits of the use of police dogs in the pursuit and apprehension of subjects who do not pose an imminent threat of harm, WESLEY suffered  injuries and incurred  damages as previously described.

170.     WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG due to the injuries he suffered on December 20, 2021 as result of the deliberately indifferent failure of the LPD to train its police officers in the constitutional limits of use of force.

## COUNT ELEVEN

**MUNICIPAL LIABILITY OF CITY OF LYNCHBURG – FAILURE TO DISCIPLINE – MARCH 11, 2021 USE OF EXCESSIVE FORCE**

**(42 U.S.C. § 1983 - 4th and 14th Amendments – *Monell* Claim)**

171.     All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

172.     Upon information and belief, and as alleged previously, LPD routinely fails to discipline its officers when they use objectively unreasonable and excessive force.

173.     Upon information and belief, none of the defendant police officers in the instant case were disciplined for the use of excessive force by deployment of the police dog against WESLEY on March 11, 2021.

174.    The CITY OF LYNCHBURG has repeatedly and consistently shown that it is deliberately indifferent to the need to discipline police officers who use unreasonable and excessive force.

175.    The CITY OF LYNCHBURG's deliberately indifferent failure to discipline its officers who used excessive force was a moving force behind the injuries WESLEY suffered after being viciously bitten by a police dog on March 11, 2021.

176.    As a result of the unconstitutional use of police dog Knox on March 11, 2021 due to the deliberately indifferent failure to discipline LPD officers who use unreasonable and excessive force, WESLEY suffered the injuries and incurred the damages as previously described.

177.    WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG due to the injuries he suffered on March 11, 2021 as a result of the deliberately indifferent failure of the LPD to discipline its police officers who use unreasonable excessive force.

## COUNT TWELVE

**MUNICIPAL LIABILITY OF CITY OF LYNCHBURG – FAILURE TO DISCIPLINE – DECEMBER 20, 2021 USE OF EXCESSIVE FORCE**

**(42 U.S.C. § 1983 - 4th and 14th Amendments – *Monell* Claim)**

178.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

179.    Upon information and belief, and as alleged previously, LPD routinely fails to discipline its officers when they use objectively unreasonable and excessive force.

180.    Upon information and belief, none of the defendant police officers in the instant case were disciplined for the use of excessive force by deployment of the police dog against WESLEY on March 11, 2021.

181.    The CITY OF LYNCHBURG has repeatedly and consistently shown that it is deliberately indifferent to the need to discipline police officers who use unreasonable and excessive force.

182.    The CITY OF LYNCHBURG's deliberately indifferent failure to discipline its officers who used excessive force was a moving force behind the injuries WESLEY suffered after being viciously bitten by a police dog on December 20, 2021.

183.    As a result of the unconstitutional use of police dog Knox on December 20, 2021 due to the deliberately indifferent failure to discipline LPD officers who use unreasonable and excessive force, WESLEY suffered injuries and incurred damages as previously described.

WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG due to the injuries he suffered on December 20, 2021 as a result of the deliberately indifferent failure of the LPD to discipline its police officers who use unreasonable excessive force.

## COUNT THIRTEEN

### MUNICIPAL LIABILITY OF CITY OF LYNCHBURG – RATIFICATION – MARCH 11, 2021 USE OF EXCESSIVE FORCE

### (42 U.S.C. § 1983 - 4th and 14th Amendments – *Monell* Claim)

184.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

185.    The Chief of the Lynchburg Police Department is the ultimate and final policymaker for the Lynchburg Police Department.

186.    The Chief of the Lynchburg Police Department is charged with final review of allegations of misconduct by LPD officers

187.    Upon information and belief, the Chief of the Lynchburg Police Department conducted a review of the use of force against WESLEY on March 11, 2021 and concluded that all of its officers acted within LPD policies, despite the fact that WESLEY posed no threat to anyone at any time during each use of force incident, meaning that uses of force were made in direct contravention of the written LPD use of force policy.

188.    The Chief of the Lynchburg Police Department, by issuing a final decision as the final policymaker charged with investigating and assessing the use of force against WESLEY on March 11, 2021 that concluded that the officers involved in each use of force acted lawfully, ratified each of the unconstitutional and excessive uses of force.

189.    The ratification by the Chief of the Lynchburg Police Department of each of the uses of force against WESLEY by the defendant LPD officers on March 11, 2021 was a moving force behind the injuries WESLEY suffered as a result of each use of force.

190.    WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG due to the ratification by the Chief of the Lynchburg Police Department of the use of excessive force against WESLEY by the defendant LPD officers on March 11, 2021.

## COUNT FOURTEEN

### MUNICIPAL LIABILITY OF CITY OF LYNCHBURG – RATIFICATION – DECEMBER 20, 2021 USE OF EXCESSIVE FORCE

**(42 U.S.C. § 1983 - 4th and 14th Amendments – *Monell* Claim)**

191.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

192.    The Chief of the Lynchburg Police Department is the ultimate and final policymaker for the Lynchburg Police Department.

193.    The Chief of the Lynchburg Police Department is charged with final review of allegations of misconduct by LPD officers

194.    Upon information and belief, the Chief of the Lynchburg Police Department conducted a review of the use of force against WESLEY on December 20, 2021 and concluded that all of its officers acted within LPD policies, despite the fact that WESLEY posed no threat to anyone at any time during each use of force incident, meaning that uses of force were made in direct contravention of the written LPD use of force policy.

195.    The Chief of the Lynchburg Police Department, by issuing a final decision as the final policymaker charged with investigating and assessing the use of force against WESLEY on March 11, 2021 that concluded that the officers involved in each use of force acted lawfully, ratified each of the unconstitutional and excessive uses of force.

196.    The ratification by the Chief of the Lynchburg Police Department of each of the uses of force against WESLEY by the defendant LPD officers on December 20, 2021 was a moving force behind the injuries WESLEY suffered as a result of each use of force.

WESLEY is entitled to recover compensatory damages, costs, reasonable attorneys fees and such other relief as this Court deems appropriate from the CITY OF LYNCHBURG due to the

ratification by the Chief of the Lynchburg Police Department of the use of excessive force

against WESLEY by the defendant LPD officers on December 20, 2021.

### COUNT FIFTEEN

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY OFFICER SETH REED ON MARCH 11, 2021

### (Virginia Common Law Claim against REED)

197.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

198.    REED acted with actual malice when he intentionally and cruelly set police dog upon WESLEY on March 11, 2021 to repeatedly bite and injure WESLEY.

199.    REED's conduct was intolerable, outrageous and shocks the conscience of any reasonable person.

200.    REED engaged in this vicious conduct with the deliberate intent of causing extreme emotional distress in the form of excruciating pain, torment and fear.

201.    No person could be expected to endure the emotional distress that REED caused to be inflicted up WESLEY.

202.    REED'S conduct also caused WESLEY's concomitant physical injuries that were previously described.

203.    WESLEY is entitled to recover compensatory damages, costs, punitive damages, reasonable attorneys fees and such other relief as this Court deems appropriate from REED due to his intentional infliction of emotional distress upon WESLEY on March 11, 2021.

### COUNT SIXTEEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY OFFICER SETH REED ON DECEMBER 20, 2021

### (Virginia Common Law Claim against REED)

204.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

205.    REED acted with actual malice when he intentionally and cruelly set police dog upon WESLEY on December 20, 2021 to repeatedly bite and injure WESLEY.

206.    REED's conduct was intolerable, outrageous and shocks the conscience of any reasonable person.

207.    REED engaged in this vicious conduct with the deliberate intent of causing extreme emotional distress in the form of excruciating pain, torment and fear.

208.    No person could be expected to endure the emotional distress that REED caused to be inflicted up WESLEY.

209.    REED'S conduct also caused WESLEY's concomitant physical injuries that were previously described.

210.    WESLEY is entitled to recover compensatory damages, costs, punitive damages, reasonable attorneys fees and such other relief as this Court deems appropriate from REED due to his intentional infliction of emotional distress upon WESLEY on December 20, 2021.

### COUNT SEVENTEEN

### CIVIL ASSAULT AND BATTERY ON MARCH 11, 2021

### (Virginia Common Law Claim against REED and JOHN DOES 1-10)

211.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

212.    REED, acting jointly and in concert with JOHN DOES 1-10, without cause or justification, unlawfully battered WESLEY when he purposely set the police dog Knox, to maul the WESLEY's upper right thigh and buttocks on multiple occasions during the same arrest on March 11, 2021.

213.    JOHN DOES 1, without cause or justification, unlawfully battered WESLEY when he held WESLEY in a choke hold through the hinge joint of the open truck door while WESLEY was being viciously attacked by the police dog.

214.    The other unknown officers present, each of whom was a member of the group of JOHN DOES 2-10, assisted REED and JOHN DOE 1 in pinning WESLEY while the police dog bit him repeatedly.

215.    REED ordered and allowed the police dog to attack the WESLEY's leg and buttocks several times while he was unarmed, cornered in the hinge joint of the open truck door with no path of egress, and unable to resist arrest.  WESLEY posed no threat to anyone and was generally cooperative with the officers' demands, and was only being arrested for an outstanding misdemeanor warrant.

216.    REED's and JOHN DOE 1-10's actions in conducting WESLEY's apprehension and arrest on an outstanding misdemeanor warrant utilizing excessive force were unjustified, inexcusable, and unlawful, thereby constituting battery of WESLEY.

217.    REED and JOHN DOES 1-10, acting jointly and in concert, placed WESLEY in reasonable fear of harm and battery in between each application of force by the police dog.

218.    Any reasonable officer in a similar situation would recognize that it was unlawful and excessive to order a police dog to viciously attack an unarmed, cooperative suspect who posed no threat, had no path of egress to flee, and was only being arrested for a misdemeanor crime.

219.    WESLEY did not consent to being assaulted or battered and did not consent to the severe canine attack that lead to his injuries.

220.    REED and JOHN DOES 1-10, acted with actual malice when they assaulted and battered WESLEY on March 11, 2021.

221.    REED and JOHN DOES 1-10 acted in wanton and willful disregard of the Plaintiff's rights when they assaulted and battered WESLEY on March 11, 2021.

222.    As a direct and proximate result of REED's and JOHN DOE 1-10's unlawful assault and battery, WESLEY suffered significant physical injuries, mental anguish, and emotional harm.

223.    WESLEY is entitled to recover (a) reasonable and appropriate compensatory damages (b) punitive damages, (c) Plaintiff's costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper from REED and JOHN DOES 1-10 for the injuries he sustained as result of assault and batter on March 11, 2021.

## COUNT EIGHTEEN

### CIVIL ASSAULT AND BATTERY ON DECEMBER 20, 2021

**(Virginia Common Law Claim against REED, ROWLAND, BRYAN AND JOHN DOES 1-10)**

224.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

225.    REED, acting jointly and in concert with ROWLAND, BRYANT and JOHN DOES 1-10, without cause or justification, unlawfully battered WESLEY when he purposely set the police dog Knox, to maul the WESLEY on December 20, 2021.

226.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 each stood and watched from a distance, debating among themselves whether the police dog was chewing on the right suspect, as the police dog tore through flesh on WESLEY's forearm on December 20, 2021.

227.    WESLEY posed no threat to anyone at any time while the police were present at the scene on December 20, 2021.

228.    REED, ROWLAND, BRYANT and JOHN DOES 1-10's actions in conducting WESLEY's apprehension and arrest on an outstanding misdemeanor warrant utilizing excessive force were unjustified, inexcusable, and unlawful, thereby constituting battery of WESLEY.

229.    REED, ROWLAND, BRYANT and JOHN DOES 1-10, acting jointly and in concert, placed WESLEY in reasonable fear of harm and battery in between each application of force by the police dog.

230.    Any reasonable officer in a similar situation would recognize that it was unlawful and excessive to order a police dog to viciously attack an unarmed, cooperative suspect who posed no threat and was only being arrested suspicion of committing a misdemeanor.

231.    WESLEY did not consent to being assaulted or battered on December 20, 2021 and he did not consent to the severe canine attack that lead to his injuries.

232.    REED, ROWLAND, BRYANT and JOHN DOES 1-10, acted with actual malice when they assaulted and battered WESLEY on December 20, 2021 by setting, or by assisting another officer to set, a police dog upon WESLEY to cause him injury.

233.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 acted in wanton and willful disregard of the Plaintiff's rights when they assaulted and battered WESLEY on December 20, 2021.

234.    As a direct and proximate result of REED, ROWLAND, BRYANT and JOHN DOES 1-10's unlawful assault and battery, WESLEY suffered significant and severe physical injuries, severe mental anguish, and severe emotional harm.

235.    WESLEY is entitled to recover (a) reasonable and appropriate compensatory damages, (b) punitive damages, (c) Plaintiff's costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper from REED, ROWLAND, BRYANT and JOHN DOES 1-10 for the injuries he sustained as result of assault and batter on December 20, 2021.

**COUNT NINETEEN**

**GROSS, WILLFUL, WANTON AND RECKLESS NEGLIGENCE OF THE DEFENDANT OFFICERS AND THE CITY OF LYNCHBURG ON MARCH 11, 2021**

**(Virginia Common Law Claim)**
**(REED and JOHN DOES 1-10)**

236.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

237.    REED and JOHN DOES 1-10 had a legal duty to use care to protect the Plaintiff's Constitutional rights.

238.    REED and JOHN DOES 1-10 had a legal duty to intervene to prevent REED's use of excessive force against WESLEY.

239.    REED and JOHN DOES 1-10 breached their duty to WESLEY on March 11, 2021 when they, acting in concert:

- Used more force than necessary to apprehend and arrest him with assistance of a police dog.

- Held WESLEY in a choke hold through the hinge joint of the open truck door.

- Allowed a police dog to attack the Plaintiff on multiple occasions during his misdemeanor arrest on March 11, 2021.

- Failed to intervene to prevent REED's use of excessive force against WESLEY.

240.    REED and JOHN DOES 1-10 acted with utter disregard to WESLEY's rights or welfare when they acted in the manner described above, denying even scant care to WESLEY.

241.    The above-described actions of the REED and JOHN DOES 1-10 was willful, wanton, and reckless.

242.    The injuries sustained by WESLEY as described above were directly and proximately caused by the negligence of REED and JOHN DOES 1-10.

243.    WESLEY is entitled to recover (a) reasonable and appropriate compensatory damages, (b) punitive damages, (c) costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper from each of the defendants REED and JOHN DOES 1-10.

## COUNT TWENTY

### GROSS, WILLFUL, WANTON AND RECKLESS NEGLIGENCE OF THE DEFENDANT OFFICERS AND THE CITY OF LYNCHBURG ON DECEMBER 20, 2021

**(Virginia Common Law Claim)**
**(REED, ROWLAND, BRYANT and JOHN DOES 1-10)**

244.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

245.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 had a legal duty to use care to protect the Plaintiff's Constitutional rights.

246.    REED and JOHN DOES 1-10 had a legal duty to intervene to prevent REED's use of excessive force against WESLEY.

247.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 breached their duty to WESLEY on December 20, 2021 when they, acting in concert:

- Used more force than necessary to apprehend and arrest him with assistance of a police dog.

- Used a police dog to apprehend WESLEY who had no outstanding warrants for his arrest.

- Allowed a police dog to attack the Plaintiff on multiple occasions during his apprehension on December 20, 2021.

- Failed to intervene to prevent REED's use of excessive force against WESLEY.

248.    REED, ROWLAND, BRYANT and JOHN DOES 1-10 acted with utter disregard to WESLEY's rights or welfare when they acted in the manner described above, denying even scant care to WESLEY.

249.    The above-described actions of the REED, ROWLAND, BRYANT and JOHN DOES 1-10 was willful, wanton, and reckless.

250.    The injuries sustained by WESLEY as described above were directly and proximately caused by the negligence of REED and JOHN DOES 1-10.

251.    WESLEY is entitled to recover (a) reasonable and appropriate compensatory damages, (b) punitive damages, (c) costs, expenses and reasonable attorney's fees, and (d) such other and further relief as this Court deems necessary and proper from each of the defendants REED, ROWLAND, BRYANT and JOHN DOES 1-10.

## COUNT TWENTY-ONE

### GROSS, WILLFUL, WANTON AND RECKLESS NEGLIGENCE OF THE DEFENDANT OFFICERS AND THE CITY OF LYNCHBURG ON DECEMBER 20, 2021

### (Virginia Common Law Claim)
### (CITY OF LYNCHBURG, REED, ROWLAND, BRYANT and JOHN DOES 1-10)

252.    All previous paragraphs of this Complaint are incorporated herein by reference and are re-alleged as if restated.

253.    WESLEY is entitled to injunctive relief to enjoin the defendants from engaging in the unconstitutional use of force by the deployment of police dogs against subject who pose no threat of harm.

        AND NOTHING FURTHER REMAINING, Plaintiff, CALVIN WESLEY, requests that this Court grant him the following relief:

        (a)    Judgment against each of the Defendant Officers, jointly and severally, in the amount of TEN MILLION DOLLARS ($10,000,000.00) and such additional damages as may be proven at trial;

        (b)    Punitive damages from each of the Defendant Officers in such amount as proven at trial;

        (c)    Costs and expenses, including reasonable attorney's fees;

        (d)    Injunctive relief to prevent further unlawful conduct;

(e)     All such other legal and equitable relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Respectfully Submitted,

**CALVIN WESLEY**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

**By: /s/ M. Paul Valois**
    **M. Paul Valois, Esquire**
    **Counsel for Plaintiff**
    **Virginia State Bar No. 72326**
    **mvalois@vbclegal.com**

**McFADGEN LAW, PLC**
**3831 Old Forest Road, Suite 6**
**Lynchburg, Virginia 24501**
**Telephone: (434) 385-4579**
**Facsimile: (888) 873-1048**

**By: /s/ Steven D. McFadgen, Sr.**
    **Steven D. McFadgen, Sr., Esq.**
    **Counsel for Plaintiff**
    **Virginia State Bar No. 83273**
    **muchmorelaw@gmail.com**