IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| CALVIN WELSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action: 6:23cv00012 |
| | ) | |
| CITY OF LYNCHBURG, and | ) | |
| OFFICER SETH REED, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendants, Reed, Rowland and Bryant, by counsel, respond to the Complaint as follows:

1. Defendants admit that jurisdiction and venue is correct in the Lynchburg Division of the United States District Court for the Western District of Virginia.

2. Defendants deny that this Court has jurisdiction over the state law claims standing alone.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

4. Defendants admit the allegations in paragraph 6.

5. With regard to paragraphs 7, 8 and 9, Defendants admit that they were police officers employed by the Lynchburg Police Department at all times relevant to the allegations in the Complaint.

6. Defendants deny the allegations in paragraph 10.

7. Defendants deny the allegations in paragraphs 11-37.

8. With regard to the allegations in paragraphs 11-37, Defendants affirmatively state that they lawfully took Wesley into custody, did not violate Wesley's

constitutional rights, only used force in response to Wesley's resistance, and used the minimum amount of force necessary to take Wesley into custody.

9. Defendants deny the allegations in paragraphs 39-72.

10. With regard to paragraphs 39-72, Defendants affirmatively state that they lawfully took Wesley into custody, did not violate Wesley's constitutional rights, only used force necessary in response to Wesley's resistance, and used the minimum amount of force to take Wesley into custody.

11. Defendants deny the allegations in paragraphs 73, 74, 75, 76 and its subparts, 77, 78, 79, and 80.

12. Defendant Reed denies the allegations in paragraphs 81, 82, 83, 84, 85, 86, 87, 88, and 89.

13. Paragraphs 81-89 contain no allegations against Officers Rowland and Bryant and therefore they are not required to respond to those allegations.

14. Paragraphs 90-98 contain no allegations against Officers Reed, Rowland and Bryant and therefore they are not required to respond to those allegations.

15. Officer Reed denies the allegations in paragraphs 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, and 109.

16. Paragraphs 99-109 contain no allegations against Officers Reed, Rowland and Bryant and therefore they are not required to respond to those allegations.

17. Paragraphs 110, 111, 112, 113, 114, 115, 116, 117, and 118 do not contain allegations against Defendants Reed, Rowland and Bryant, therefore they are not required to respond to those allegations.

18. Defendant Reed denies all allegations in paragraphs 119, 120, 121, 122, 123, 124, 125, and 126.

19. Paragraphs 119-126 do not contain allegations against Officers Rowland and Bryant, therefore they are not required to respond to those paragraphs.

20. Defendants Reed, Rowland and Bryant deny the allegations in paragraphs 127, 128, 129, 130, 131, 132, 133, and 134.

21. Defendant Reed denies the allegations in paragraphs 197, 198, 199, 200, 201, 202, and 203.

22. Paragraphs 197-203 do not contain allegations against Officers Rowland and Bryant and therefore they are not required to respond to the allegations.

23. Defendant Reed denies the allegations in paragraphs 204, 205, 206, 207, 208, 209, and 210.

24. Paragraphs 204-210 do not contain allegations against Officers Rowland and Bryant and therefore they are not required to respond to the allegations.

25. Defendant Reed denies the allegations in paragraphs 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, and 223.

26. Paragraphs 211-223 do not contain allegations against Officers Rowland and Bryant and therefore they are not required to respond to those allegations.

27. Defendants deny the allegations in paragraphs 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, and 235.

28. Defendants deny the allegations in paragraphs 236, 237, 238, 239, 240, 241, 242, and 243.

29. Defendants deny the allegations in paragraphs 244, 245, 246, 247, 248, 249, 250, and 251.

30. Defendants deny the allegations in paragraphs 252 and 253.

31. Defendants deny all allegations not expressly admitted herein.

32. Defendants deny that they are indebted or liable to the Plaintiff for the amounts or reasons set forth in the Complaint or any other amounts or reasons whatsoever.

33. Defendants are immune from suit or damages by the doctrines of sovereign, governmental, and/or qualified immunity.

OFFICER SETH REED
OFFICER AUSTIN ROWLAND
OFFICER COLLIN BRYANT

By: /s/ Jim H. Guynn, Jr.
         Counsel

Jim H. Guynn, Jr. (VSB #22299)
Matthew J. Schmitt (VSB# 96513)
GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
415 S. College Avenue
Salem, VA  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 14th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr.