IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CALVIN WESLEY, | ) |
|     Plaintiffs, | ) ) ) |
| v. | )   Civil Action: 6:23cv00012 |
| CITY OF LYNCHBURG, and OFFICER SETH REED, et al. | ) ) ) ) |
|     Defendant. | ) ) |

## DEFENDANT CITY OF LYNCHBURG'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant City of Lynchburg, Virginia, by counsel, respectfully submits this memorandum in support of its motion to dismiss.

## BACKGROUND

Wesley alleges that the Defendants used excessive force when they took him into custody on March 11, 2021, and December 20, 2021. Wesley alleges that the City of Lynchburg is liable for the Officer's excessive force under 42 U.S.C. §1983 because the City maintained an unconstitutional custom or practice of allowing its Officers to use excessive force (Counts 7&8); failed to discipline officers (Counts 11&12); and ratified the use of excessive force (Counts 13&14);. Wesley alleges that the City is liable in *respondeat superior* for state law claims against the Officers (Counts 19, 20 and 21).

In support of the allegations, Wesley recites 14 separate instances in which Police Officers allegedly used force beginning in 2001 (Paragraph 76 of the Complaint).

1

Wesley's reference to 14 alleged uses of excessive force over 23 years does not establish the sort of pattern that supports a *Monell* claim against the City of Lynchburg. There is nothing other than Wesley's conclusory allegation that the incidents involved excessive force much less that the incidents constituted constitutional violations. Moreover, Wesley made no allegation that there was a finding by any tribunal that the alleged use of force violated constitutional rights. Accordingly, the allegations do not support a *Monell* claim.

## ARGUMENT

### I. Standard of Review under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Wesley failed to state a claim against the City of Lynchburg.

### A. Wesley failed to state a claim against the City under 42 U.S.C. § 1983.

Wesley seeks to impute liability to the City for the alleged excessive force used by defendant police officers Reed, Rowland, and Bryant. However, Wesley's vague and conclusory allegations fail to establish a municipal liability claim. A local government entity cannot be held liable under § 1983 for injuries inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Local governments are only liable for their own illegal acts. Accordingly, to impose liability on a governmental entity, a plaintiff must establish the existence of an official policy or custom that caused the constitutional deprivations. *Id.*

An official policy refers to formal rules or understandings that establish "fixed plans of action to be followed under similar circumstances consistently and over time." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). Such policies "must be contrasted with episodic exercises of discretion in the operational details of government." *Id.* (internal citations omitted). In limited conditions a government entity can create official policy by making a single decision in response to particular circumstances. However, municipal liability attaches for a single decision "only when the decision maker is the municipality's governing body, a municipal

3

agency, or an official possessing final authority to create official policy." *Id.* (internal citations omitted).

A municipal custom may arise only if a practice is "persistent and widespread," and "permanent and well settled." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). A custom may be attributed to a municipality when the duration and frequency of the unconstitutional practices warrant a finding of either actual or constructive knowledge by the locality that the practices have become customary among its employees. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). A policy or custom will not, however, "be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984).

To state a claim for municipal liability, a plaintiff must allege facts, beyond those surrounding her own injury and arrest, that reference actual events demonstrating a policy or custom that was the "moving force" behind the violation at issue. *Id.* at 230-31; *Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 305 (D. Md. 2002); *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (finding the § 1983 claim against the fire department was properly dismissed because the "conclusory allegations of discrimination were not supported by any reference to particular acts, practices or policies of the Fire Department."). Such a claim must be alleged with "factual specificity." *Hixson v. Hutcheson*, 2018 U.S. Dist. LEXIS 130360, at *15 (W.D. Va. 2018). Under these principles, Wesley's Complaint lacks the requisite factual allegations to impose municipal liability on the City.

In Counts XIII and XIV, Wesley alleges the City ratified the acts of defendants Reed, Rowland, and Bryant by determining they were "within policy." (Compl. at ¶¶ 87-91.) These allegations are insufficient to state a claim for municipal liability. It is impossible for the City's

4

alleged determination—made *after* the alleged excessive force—to have caused the excessive force. Mere ratification of the conduct at issue "could not have been the 'moving force' behind [the] defendants' alleged constitutional violations if the City's actions *followed* the Police Officer Defendants' actions." *Booker v. City of Lynchburg*, 2020 U.S. Dist. LEXIS 128818, at *23 (W.D. Va. July 22, 2020) (citing *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 397 (1997)). Accordingly, the City cannot be liable for any policymaker's ratification of the officers' alleged use of force. Counts XIII and XIV must be dismissed.

      **B.**      **Wesley failed to state any tort claim against the City.**

The City cannot be held liable for any of the torts claimed by Wesley in Counts XIX, XX, and XXI.

In Virginia, it is well settled that municipalities are immune from liability for torts committed by their employees during the exercise of governmental functions. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Niese v. City of Alexandria*, 264 Va. 230, 238 (2002). Maintaining a police force is a governmental function. *Carter*, 164 F.3d at 221; *Niese*, 264 Va. at 240. All of Wesley's tort claims involve actions taken during the performance of police duties during his arrest. *See, e.g.*, *Elder v. City of Danville*, 2013 U.S. Dist. LEXIS 174135, at *20-21 (W.D. Va. Dec. 12, 2013) (finding that the City of Danville had sovereign immunity for its officer's alleged assault and battery of an arrestee because the officer was performing a governmental function when he seized the plaintiff and searched his car); *Niese*, 264 Va. at 240 (finding the City of Alexandria was immune from tort claims associated with its decision to retain individual police officers because such employment decisions are an "integral part of the governmental function of maintaining a police force"). Accordingly, the City is immune for Wesley's state tort claims.

5

## III. Conclusion

For the foregoing reasons, the City of Lynchburg respectfully moves for dismissal from the Complaint.

CITY OF LYNCHBURG

By /s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB # 22299)
Matthew J. Schmitt (VSB# 96513)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for City of Lynchburg*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Jim H. Guynn, Jr.

Jim H. Guynn, Jr. (VSB # 22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for City of Lynchburg*