**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **CALVIN WESLEY,** | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  6:23CV00012** |
| | ) | |
| **CITY OF LYNCHBURG, et. al.,** | ) | |
| *Defendants.* | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT CITY OF**
**LYNCHBURG'S MOTION TO DISMISS**

COMES NOW the Plaintiff, by counsel, in opposition to the Rule 12(b)(6) motion filed

by Defendant City of Lynchburg, to-wit:

**THE COMPLAINT ALLEGED SUFFICIENT EXAMPLES OF UNCONSTITUTIONAL**
**USE OF FORCE TO STATE A CAUSE OF ACTION FOR A *MONELL* CLAIM AGAINST**
**THE CITY OF LYNCHBURG FOR MAINTAINING AND UNCONSTITUTIONAL**
**CUSTOM OF EXCESSIVE USE OF FORCE**

The City of Lynchburg seeks to dismiss Counts Seven and Eight of the Complaint for

failure to state facts sufficient to sustain plausible *Monell* claims regarding the unconstitutional

custom of excessive use of force by the Lynchburg Police Department.  The City argues that the

fourteen specific examples proved in the Complaint alleging distinct and particular instances of

the unconstitutional use of force by officers of the Lynchburg Police Department are insufficient

to state such claims.  See Complaint ¶¶ 76a-n. However, this Court has recently ruled that a

subset of these particular examples were sufficient to state of cause of action for the

unconstitutional custom of excessive use of force by the Lynchburg Police Department.  *Booker*

*v. City of Lynchburg*, CASE NO. 6:20-cv-00011 (W.D. Va. Feb. 11, 2021). Thus, by use of the

same examples, the Plaintiff has stated plausible *Monell* claims regarding the unconstitutional

custom of excessive use of force by the Lynchburg Police Department.

**THE COMPLAINT ALLEGED FACTS SUFFICIENT TO SUSTAIN A *MONELL* CLAIM FOR FAILURE TO TRAIN LPD OFFICERS IN THE CONSTITUIONAL LIMITS OF THE USE OF FORCE**

The City of Lynchburg acknowledges in its Use of Force Policy that the use of a police dog to apprehend a subject can amount to deadly force.  Complaint ¶ 79. The need to train specific officers in the constitutional limits of the of use of deadly force is so obvious, and the "inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). The Complaint alleges that prior incidents and the officer's failure to adhere to policy in the instant case evidence an obvious failure on the part of the City of Lynchburg to train its officers in the constitutional limits of the use of force. Complaint ¶¶ 78, 79. Thus, the Complaint alleges facts sufficient to state a plausible *Monell* claim against the City of Lynchburg in Counts Eleven and Twelve for its deliberately indifferent failure to train its police officers in the constitutional limits of the use of deadly force.

**THE COMPLAINT ALLEGED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION FOR A MONELL CLAIM AGAINST THE CITY OF LYNCHBURG FOR RATIFICATION OF THE UNCONSTITUTIONAL ACTS OF ITS OFFICERS**

The City of Lynchburg cites to *Booker*, supra, in arguing that the Plaintiff's ratification claims (Counts Thirteen and Fourteen) must be dismissed because the City's ratification followed the alleged constitutional violations of the officers and, therefore, could not have a moving force behind the Plaintiff's injuries.  However, as this Court recognized in *Hicks v. City of Lynchburg*, 6:21-cv-00043 (W.D. Va. May. 31, 2022), the ruling in *Booker* was overruled by the Fourth Circuit's decision in *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529 (4th Cir. 2022). By its nature, a ratification theory of liability "presupposes that the initial

complained-of conduct precedes involvement by the final policymaking authority." Ibid. Thus, the Plaintiff has asserted plausible *Monell* ratification claims in Counts Thirteen and Fourteen.

**THE PLAINTIFF CONCEDES THAT THE CITY OF LYNCHBURG IS NOT LIABLE FOR THE STATE LAW GROSS NEGLIGENCE CLAIMS AGAINST THE INDIVIDUAL OFFICERS**

The City of Lynchburg seeks its dismissal as a defendant from Counts Nineteen and Twenty of the Complaint. Counts Nineteen and Twenty allege gross negligence against the individual officers. The Plaintiff concedes that the City of Lynchburg should be dismissed as a defendant from each of Counts Nineteen and Twenty.

**COUNT TWENTY-ONE OF THE COMPLAINT CONTAINS A TYPOGRAPHICAL ERROR IN ITS HEADING AND THE CITY OF LYNCHBURG SHOULD NOT BE DISMISSED AS A DEFENDANT IN THIS COUNT.**

The City of Lynchburg seeks its dismissal from Court Twenty-One of the Complaint. Due to a typing error, the heading of this Count mistakenly alleges "GROSS, WILLFUL, WANTON AND RECKLESS NEGLIGENCE OF THE DEFENDANT OFFICERS AND THE CITY OF LYNCHBURG ON DECEMBER 20, 2021." This heading is a duplicate of the heading from Count Twenty. However, the substance of the Count seeks injunctive relief against all defendants and does not allege any independent tort. The Plaintiff adequately stated facts sufficient to raise a plausible claim for injunctive relief and so the City of Lynchburg should not be dismissed as a defendant in Count Twenty-One.

WHEREFORE the Plaintiff (i) CONCEDES that the City of Lynchburg should be dismissed as a defendant in Counts Nineteen and Twenty of the Complaint and (ii) OPPOSES the dismissal of the City of Lynchburg as a defendant in any other counts of the Complaint.

Respectfully submitted,

**CALVIN WESLEY**
**By Counsel**

 **/s/ M. Paul Valois**
**M. Paul Valois, Esquire**
**Virginia State Bar No. 72326**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**
 **mvalois@vbclegal.com**

**Steven D. McFadgen, Sr., Esq.**
**Virginia State Bar No. 83273**
**McFADGEN LAW, PLC**
**3831 Old Forest Road, Suite 6**
**Lynchburg, Virginia 24501**
**Telephone: (434) 385-4579**
**Facsimile: (888) 873-1048**
**muchmorelaw@gmail.com**

   *Counsel for Plaintiff*


### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2023, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/ M. Paul Valois

-4-