IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CALVIN WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action: 6:23cv00012 |
| ) | |
| CITY OF LYNCHBURG, and ) | |
| OFFICER SETH REED, et al. ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR PROTECTIVE ORDER

COME NOW the Defendants, City of Lynchburg, by counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and move the Court for entry of the attached protective order. In support thereof, Defendants state as follows:

1. During discovery in this action the parties will be required to produce documents and other materials that include confidential and/or sensitive information. Accordingly, Defendants request entry of the Protective Order, attached hereto as **Exhibit 1**, to protect the confidential and sensitive information contained in discovery materials.

2. In particular Defendants seek to protect the following documents and materials, if produced: information concerning police department procedures, criminal investigations, internal investigations, and/or sensitive personal, personnel, discipline, payroll, and benefits information.

3. On April 28, 2023, the parties held a Rule 26(f) conference. During the conference, Defendants' counsel discussed the need for a protective order with Plaintiffs' counsel. The parties agreed it "appear[ed] necessary for a protective order to be entered to protect the confidentiality

of certain documents and/or things anticipated to be requested in discovery" and that Defendants' counsel would submit a proposed protective order. (Rule 26(f) Report at ¶ 6, ECF No. 12.)

4. Since then, Defendants' counsel circulated the attached Protective Order. The parties conferred on May 5, 2023. Plaintiffs then informed Defendants they object to entry of a protective order in this case.

5. While Defendants will certainly produce materials discoverable under the Federal Rules,[1] Defendants object to producing sensitive law enforcement and/or personal information without a protective order. Good cause exists for entry of the attached Protective Order because such information should be kept within the case and non-public.

6. In particular, certain documents typically found in a public employee's personnel file, such as documents related to payroll, benefits, and internal discipline, should be kept from public disclosure. Payroll and benefits documents often contain sensitive personal information (e.g. birthdays, social security numbers, family members' information, health and insurance information, etc.) that would be overly invasive to disclose to the public. It is unclear what relevance this information has to the case or what the public gains in having access to this information. Internal discipline information is also highly sensitive and personal, and has limited public utility other than to embarrass the employee.

7. Likewise, Lynchburg Police Department ("LPD") operations procedures and criminal investigation materials are confidential and should not be subject to public disclosure. The public release of LPD operations procedures, techniques, and/or protocols could seriously impair the ability of the LPD to conduct future investigations. Relatedly, investigative files should

---

[1] Defendants reserve the right to object to producing any discovery that is irrelevant or otherwise non-discoverable.

remain between the parties to safeguard the confidentiality of sources, protect witnesses and law enforcement personnel, protect the privacy of individuals and third parties involved in an investigation, and otherwise to prevent interference with investigations. Indeed, these items are routinely found to be subject to the law enforcement privilege recognized by this court. *See, e.g.*, *Hugler v. BAT Masonry Co.*, 2017 U.S. Dist. LEXIS 49027, at *11-13 (W.D. Va. Mar. 31, 2017).

8. Importantly, the terms Defendants seek to include in paragraph 1 of the Protective Order are categories of topics that Defendants "*anticipate*" designating as confidential. (Proposed Protective Order at ¶ 1) (emphasis added). Entry of the proposed Protective Order would not make any document or other item automatically subject to the Protective Order. The proposed Protective Order expressly provides that any party may object to the confidential designation of a particular item made by the opposing party, and may seek court intervention should the need arise. (*Id.* at ¶¶ 8-9.) As such, the proposed Protective Order is not overly broad.

WHEREFORE, Defendants respectfully request that the Court enter the attached protective order.

                                                       CITY OF LYNCHBURG,

                                                       By /s/ Jim H. Guynn, Jr.
                                                       Jim H. Guynn (VSB # 22299)
                                                       Guynn Waddell, P.C.
                                                       415 S. College Avenue
                                                       Salem, Virginia  24153
                                                       Phone: 540-387-2320
                                                       Fax:   540-389-2350
                                                       Email: jimg@guynnwaddell.com
                                                       *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 5th day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB # 22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
 *Attorney for City of Lynchburg*